LAURAGLENN MILLS v. RUFF.

SAME v. FRIEDHEIM & BRO.

SAME v. RODDY.

GEORGE B. HISS OIL CO. v. RODDY.

1. EXCEPTION too general.
2. CORPORATIONS.—STOCKHOLDERS of a corporation chartered before Constitution of 1895, and not thereafter taking out a new or amended charter, cannot invoke the provisions thereof as to stockholders.

Before BENET, J., York, November, 1897. Affirmed.

Action by Lauraglenn Mills *v.* A. F. Ruff; Same *v.* A. Friedheim & Bro.; Same *v.* W. L. Roddy; and George B. Hiss Oil Co. *v.* W. L. Roddy. From judgment overruling demurrers to the complaints, defendants appeal.

*Messrs. Wilson & Wilson*, for appellants, cite: Con. 1895, sec. 18; 130 U. S., 670; 15 Peters, 499.

*Mr. W. J. Cherry*, contra, cites: 34 Ark., 323; 25 S. C.,

352; 22 S. C., 297; 49 S. C., 7; 4 Wheat., 663; 2 Wall., 23; 70 Ala., 120; 99 U. S., 700; Con. 1895, secs. 16, 17, 18, 21, art. IX.; 161 Ill., 502; 46 S. C., 344; 48 S. C., 153; 13 S. C., 288; 15 Pet., 499; 37 Am. St. R., 163; 24 Cal., 518; 48 S. C., 152; 13 Am. St. R., 626; 36 Am. & Eng. Corp. Ca., 222; 22 Stat., 92; 46 S. C., 37; 113 U. S., 727; Con. 1895, sec. 11, art. XVII.; 2 Strob., 560.

. June 29, 1898. The opinion of the Court was delivered by

MR. JUSTICE GARY. The above entitled actions were heard together by consent, the questions in each of the cases being the same. The defendants were sued as stockholders of the Globe Cotton Mills, which was incorporated under the act of the legislature of this State, entitled "An act to provide for the formation of certain corporations under general laws," approved in 1886. 19 Stat., 540. In section 22 of said act it is provided, "That each stockholder in any such corporation shall be jointly and severally liable to the creditors thereof in an amount, besides the value of his share or shares therein, not exceeding five per cent. of the par value of the share or shares held by such stockholders at the time the demand of the creditor was created: Provided, That such demand shall be payable within one year, and that proceedings to hold such stockholder liable therefor shall be commenced within two years after the debt becomes due, and while he, she or it remains a stockholder therein, or within two years after he, she or it shall have ceased to be a stockholder."

The defendants demurred to the complaint, but the demurrers were overruled, whereupon they appealed, upon the following exceptions: "1. Because he erred in overruling each of the demurrers of the defendants. 2. Because he failed to hold that the complaint in each of said actions did not state facts sufficient to constitute a cause of action, in that it appeared from each of said complaints that the alleged cause of action was contracted subsequent to the adoption of the present Constitution of the State of

South Carolina, and of the general corporation law enacted thereunder by the General Assembly of said State."

The first exception is too general for consideration.

In disposing of the second exception, it will be necessary to consider the following sections of article IX. of the present Constitution, to wit: "Section 2. No charter of incorporation shall be granted, changed or amended by special law, * * * but the General Assembly shall provide by general laws for changing or amending existing charters, and for the organization of all corporations hereafter to be created; and any law so passed, as well as all charters now existing or hereafter created, shall be subject to future repeal or alteration * * *. Section 16. All existing charters or grants of corporate franchise, under which organizations have not in good faith taken place at the adoption of this Constitution, shall be subject to the provisions of this article. Section 17. The General Assembly shall never remit the forfeiture of the franchise of any corporation now chartered, nor alter nor amend the charter thereof, nor pass any general or special law for the benefit of such corporation, except upon the condition that such corporation shall thereafter hold its charter and franchise subject to the provisions of this Constitution; and the acceptance by any corporation of any provision of any such laws, or the taking of any benefit or advantage from the same, shall be conclusively held an agreement by such corporation to hold its charter and franchises under the provisions of this article. Section 18. The stockholders of all insolvent corporations shall be individually liable to the creditors thereof only to the extent of the amount remaining due to the corporation upon the stock owned by them * * *. Section 21. The General Assembly shall enforce the provisions of this article by appropriate legislation."

The foregoing sections show that in order to make charters, in existence at the time the Constitution of 1895 was adopted, subject to the provisions of the said articles, it was necessary that there should be legislation to that effect. We

naturally turn to the acts of the legislature to see if this has
been done. In 1896 an act was approved, entitled "An act
to provide for the formation of certain corporations and to
define the powers thereof," 22 Stat., 92, section 10 of which
is as follows: "Any corporation heretofore created which has
not forfeited its charter, and any corporation created by the
General Assembly of 1894, may surrender its charter and
secure a new charter under this act; and any such corpora-
tion, or any corporation created under this act, may have its
name changed or its charter amended in any particular
under this act. Any corporations chartered previous to the
approval of this act, desiring to increase its capital stock,
shall, before such increase be allowed and resolutions be
filed and recorded, pay to the secretary of state the fees pre-
scribed in this act. Fees for said increase to be paid as on
capital stock: $5 for all amounts up to and including $5,000,
increasing as provided in section 9 of this act: *Provided*,
That the granting of such new charter or such amendments
shall not operate in any way to prejudice the claims of cre-
ditors of such corporation, or to relieve such corporation of
any liability already created or assumed, but that, although
operating under a new charter, it shall be regarded as the
same corporation. In order to obtain such new charter
or such an amendment of charter, the board of directors,
trustees or managers shall call a stockholders' meeting, giv-
ing at least thirty days notice of the time, place and purpose
of said meeting, either by the mailing of written notice to
each stockholder, or such meeting may be called by the
president of the corporation, or by any stockholder owning
in aggregate twenty per cent. of the capital stock, in the
manner above provided. If a majority of the stock of the
corporation be present at such meeting in person or by
proxy, and a resolution asking for a new charter or an
amendment of charter be adopted by a majority vote of the
shares represented at the meeting, then the board of direct-
ors, trustees or managers, or a majority of them, shall certify
such resolution, over their signatures, to the secretary of

state. Such resolution petitioning for such new charter or amendment shall set forth the date of the original charter of the company, by reference to act of the General Assembly or to the record in the office of the secretary of state, and shall in other respects conform to the form of the declaration provided for in section 1 of this act. The secretary of state, upon the filing of such declaration, and upon payment of the charter fee in cases where an increase of capital stock is petitioned for, and upon the payment of a fee of $3, shall issue to the corporation a new charter, or an amended charter, in accordance with the terms of the petition * * *." There is not a single allegation in the complaint showing compliance with the requirements of said act so as to make the charter of the Globe Cotton Mills subject to the provisions of the new Constitution. The case must be determined, therefore, in accordance with the law of force when the new Constitution was adopted, which shows that there was no error on the part of the Circuit Judge in overruling the demurrer.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.